IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ANTHONY LUCAS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 5:09-CV-289 (CAR) |
| Warden STEPHEN UPTON, | : | |
| | : | |
| Respondent | : | |

## ORDER

Pending before the Court is Petitioner's Motion to Stay Proceedings During the Pendency of his Petition for a Writ of Certiorari. (R. at 8). Respondent has filed his response. (R. at 9). For reasons discussed below, the motion is denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for seeking federal habeas corpus relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This period is tolled during the pendency of any state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). The tolling period ends upon denial of review of the post-conviction proceedings by the state's highest court. ***Lawrence v. Florida***, 549 U.S. 327 (2007). The one-year limitations period does not continue to be tolled during the United States Supreme Court's consideration of the certiorari petition. *Id*. at 329.

In this particular case, petitioner's convictions[1] became final, and the one-year statute of limitations started to run on October 7, 2002. ***Lucas v. Georgia***, 537 U.S. 840 (2002). This period of limitations was tolled when petitioner filed his state habeas petition on August 13, 2003. The

---

[1] Petitioner was convicted of three counts of malice murder, two counts of burglary, and one count of kidnaping with bodily injury. He was sentenced to death for each the counts of murder, twenty years imprisonment on each of the two burglary counts, and life imprisonment on the kidnaping count. ***Lucas v. State***, 274 Ga. 640 (2001).

state habeas court denied habeas relief on June 20, 2008 and the Georgia Supreme Court denied petitioner's application for probable cause to appeal on June 29, 2009. At this time, the one year statute of limitations started to run again and petitioner had 54 days to file a petition for federal habeas relief. Petitioner complied with §2244(d)(1) and filed his federal habeas petition on August 20, 2009. (R. at 1).

Petitioner explains that "when the Georgia Supreme Court issued its July 28, 2009 Order denying [petitioner's] motion to reconsider the denial of his application for a certificate of probable cause" petitioner had ninety days (until October 26, 2009) to file a petition for writ of certiorari with the United States Supreme Court. (R. at 8, p. 2); Sup. Ct. R. 13. Petitioner "could not seek review by the United States Supreme Court before filing his federal habeas petition because he had less than eight weeks' time left and the one-year period of limitation would not have been tolled during the time seeking such review." (R. at 8, p. 2).

Petitioner requests the Court to stay these proceedings until he files,[2] and the United States Supreme Court rules on, his petition for certiorari. To hold these proceedings in abeyance during the pendency of petitioner's certiorari petition could delay the federal proceedings for many months after the state post-conviction ruling became final. The Eleventh Circuit Court of Appeals has looked upon similar stays with disfavor. *See Lawrence v. Florida*, 421 F.3d 1221, 1224 n.1 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). In *Lawrence,* the Court called a stay pending certiorari determination a "needless delay" and stated that such stays injure "the State because the State has a substantial interest in the finality of criminal proceedings." *Id*. The Court explained that "[e]ach delay, for its span, is a commutation of a death sentence to one of imprisonment. *Id*. (quoting

---

[2]The petition for writ of certiorari is due on October 26, 2009. However, petitioner explains that he is going to "seek a modest extension." (R. at 8, p. 3, n.1). Therefore, at this time, the Court has no way of knowing when petitioner will file his petition for writ of certiorari; or when the United States Supreme Court will grant "or, more likely den[y] the petition." *Lawrence*, 549 U.S. 327, 335 (2007).

***Thompson v. Wainwright***, 714 F.2d 1495, 1506 (11th Cir. 1983)).

Moreover, it is unlikely that the United States Supreme Court will grant certiorari. The Court has explained that it "'rarely grants review at [that] stage of the litigation even when the application for state collateral relief is supported by arguably meritorious federal constitutional claims,' choosing instead to wait for 'federal habeas proceedings'." ***Id.*** (quoting ***Kyles v. Whitley***, 498 U.S. 931, 932 (1990)). In the unlikely event that the United States Supreme Court does grant certiorari, petitioner may request the Court to revisit the issue of a stay. However, at this time, the Court **DENIES** petitioner's motion.

**SO ORDERED**, this 15th day of October, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT