IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ANTHONY LUCAS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| vs. | : | |
| | : | NO: 5:09-CV-289 (CAR) |
| STEPHEN UPTON, Warden, | : | |
| | : | |
| Respondent | : | |

## ORDER

Pending before the Court is Petitioner **DANIEL ANTHONY LUCAS'S** Motion for an Evidentiary Hearing. (Doc. 35).

## I.  STANDARDS GOVERNING THE REQUEST FOR AN EVIDENTIARY HEARING

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996. ("AEDPA").  *See McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005)(explaining that all federal habeas petitions filed after April 24, 1996 are governed by AEDPA).  The Supreme Court recently explained that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011)

If a claim has been "adjudicated on the merits in State court proceedings," this Court cannot grant relief unless the adjudication of that claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A district court's review under both § 2254(d)(1) and (2) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398, 1400 n.7. "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation[s] of § 2254(d)(1) [and (d)(2)] on the record that was before the state court." *Id.* at 1400.

Additionally, 28 U.S.C. § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Pinholster*, 131 S. Ct. at 1401. "Section 2254(e)(2) severely limits the circumstances in which a district court may properly conduct an evidentiary hearing." *LeCroy v. Sec'y Fla. Dep't. of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). This statutory provision provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)

"In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) [or *Pinholster*], the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). When deciding whether to grant a hearing, the "court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations." *Id.* at 474. When making such a determination, the Court should ordinarily consider the "deferential standards prescribed by 28 U.S.C. § 2254." *Id*. Finally, an evidentiary hearing is not necessary if the issues can be resolved by reference to the record developed in the state courts. *Id*.

## II. APPLICATION OF THESE STANDARDS TO LUCAS'S SPECIFIC REQUEST

Lucas states that "[t]his Court may conduct an evidentiary hearing to help it consider and rule on [his] cumulative error claim." (Pet'r Br. at 4, ECF No. 36). Lucas seeks to present an unnamed expert or experts who "would present quantitative analysis showing how voting behavior among capital jurors is influenced by the types of errors that occurred at . . . Lucas's

trial, and how multiple errors of a certain type . . . impact a jury's decision making process." (Pet'r Br. at 7, ECF No. 41).

Lucas presented his cumulative error claim to the state habeas court. Specifically in Claim XVIII, he alleged that his "trial was fraught with procedural and substantive errors, which cannot be harmless when viewed as a whole, since the totality of errors deprived petitioner of a fundamentally fair trial." (Resp't Ex. 84 at 72). Additionally, in Claim XIX, Lucas maintained that "any sub-set of the claims contained in []his petition . . . combined resulted in an unfair trial and appeal, in violation of [his] constitutional rights." (Resp't Ex. 84 at 72-77). The state habeas court held a three day evidentiary hearing, at which both parties presented witnesses and introduced numerous exhibits. (Resp't Ex. 90-166). It does not appear that Lucas presented any expert testimony regarding his cumulative error claims. Lucas did not abandon these claims, however. In fact, he submitted a post-hearing brief in which he set forth his argument that the cumulative effect of the errors that infected his trial deprived him of his constitutional rights. (Resp't Ex. 172 at 154). Respondent argued that Lucas's claim of cumulative error was non-cognizable in Georgia. (Resp't Ex. 174 at 277). The state habeas court ultimately agreed with Respondent and found the claim was "non-cognizable under O.C.G.A. § 9-14-42(a); and alternatively . . . that there [was] no cumulative error rule in Georgia." (Resp't Ex. 177 at 11).

The state court obviously did not adjudicate this claim on the merits. Therefore, *Pinholster* would not require that this Court limit its review of the cumulative error claim to the record that was before the state court.

However, it is less clear whether 28 U.S.C. § 2254(e)(2) would bar an evidentiary hearing. Although the state habeas court ultimately ruled there was no cumulative error rule in Georgia, Lucas fails to explain why he did not event attempt to present his experts on this issue at the three day evidentiary hearing or try to tender as exhibits the studies he references in his current brief.

Even assuming that an evidentiary hearing is not barred by 28 U.S.C. § 2254(e)(2), this Court finds that expert opinion testimony regarding how trial court errors may influence a jury is unnecessary. As the Court previously explained, "this Court will follow . . . *Conklin* and consider [Lucas's] claims collectively to determine if [his] 'trial as a whole, was fundamentally unfair and outside the bounds of the Constitution'." (Order at 16, ECF No. 27)(quoting *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004)).[1] The inquiry is whether, when viewed as whole, Lucas "received a fair trial as is [his] due under our Constitution." *Conklin*, 366 F.3d at 1210. The Court can make this determination by looking at the record developed in the state courts. This issue does not need any further factual development; nor does the Court need any

---

[1] The Court also previously explained that the law of the other circuit courts of appeals is mixed on the issue of whether a cumulative error claim is cognizable in federal habeas and that there does not appear to be any post-AEDPA Eleventh Circuit analysis of this issue. (ECF No. 27 at 16).

expert opinion testimony concerning "the decisionmaking behavior of capital jurors." (Pet'r Br. at 6, ECF No. 41).  Therefore, the Court finds that, at this time, an evidentiary hearing is not needed for disposition of this claim.

Based on the above, the Court **DENIES** Petitioner's Motion for an Evidentiary Hearing.

**SO ORDERED**, this 14th day of March, 2012.

<div style="margin-left:2em;">

S/  C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

</div>

lnb