IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANIEL ANTHONY LUCAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | CIVIL ACTION NO. 5:09-CV-289 (CAR) |
| WARDEN, Georgia Diagnostic and Classification State Prison, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER**

Pending before the Court is Petitioner's Unopposed Motion for Leave to Proceed *Ex Parte* and Under Seal Regarding Application for Authorization of Funds for Investigative Services.   (Doc. 82).

On March 25, 2013, this Court denied Lucas's 28 U.S.C. § 2254 petition.   (Doc. 66). The Eleventh Circuit affirmed the denial on November 12, 2014 and denied a motion for rehearing on January 20, 2015.   *Lucas v. Warden*, 771 F.3d 785 (11th Cir. 2014); (Doc. 82 at 2)   Lucas still has time to file a petition for writ of certiorari with the United States Supreme Court.  Sup. Ct. R. 13.   Lucas's appointed counsel indicates that if she is unsuccessful in obtaining relief through the habeas proceedings, she will seek clemency. (Doc. 82 at 2).

A clemency hearing is not scheduled; nor is Lucas's execution scheduled. However, "substantial lead time is required to fully investigate and develop grounds for clemency."   (Doc. 82 at 2).   Counsel has met with an investigator and maintains that

she "needs the investigator's services to assist [her] in developing evidence to support [Lucas's] anticipated clemency petition." (Doc. 82 at 3). Lucas seeks to petition the Court *ex parte* for approval of the investigator's fees and Respondent does not oppose the *ex parte* request.

Before the Court can consider an *ex parte* request, a "proper showing" must be "made concerning the need for confidentiality." 18 U.S.C. § 3599(f). *United States v. Gonzales*, 150 F.3d 1246, 1264 (10th Cir. 1998) (explaining that with the adoption of AEDPA,[1] Congress changed the presumption from an *ex parte* hearing for expert services to a process that is not to be held *ex parte* unless a proper showing is made concerning the need for confidentiality). Lucas has not cited, and the Court has not found, an Eleventh Circuit case articulating the proper procedure for applying for expert assistance under this statute. Other courts have adopted the following procedure:

> First, Petitioner must file and serve a concise motion seeking authorization for investigative or expert assistance that includes a short, case-specific statement of the need for confidentiality. This statement of the need for confidentiality must generically identify the type of services needed and the broad issue or topic (for example innocence) for which the services are needed. Second, Petitioner must simultaneously file *ex parte* and under seal his detailed application for authorization for the investigator or expert. In this application, Petitioner must estimate the amount of fees or expenses likely to be incurred and provide factual support for the funding request. The motion – but not the application with supporting materials – must be served upon Respondent.

*Shields v. Johnson*, 48 F. Supp. 2d 719 (S. D. Tex. 1999); *Patrick v. Johnson*, 37 F. Supp. 2d

---

[1] The Antiterrorism and Death Penalty Act of 1996.

815 (N. D. Tex. 1999).

Lucas has filed and served a motion seeking authorization for investigative assistance that includes a statement of the need for confidentiality and has forwarded to the Court an *ex parte* detailed application with an estimate of fees and expenses likely to be incurred.   (Doc. 82).   After considering the information contained in Lucas's motion and, importantly, Respondent's lack of opposition to Petitioner's request to proceed *ex parte*, the Court finds Lucas has made a sufficient showing to justify *ex parte* consideration of his underlying request for expert assistance.

Therefore, the Court **GRANTS** Petitioner's unopposed Motion for Leave to Proceed *Ex Parte* and Under Seal Regarding Application for Authorization of Funds for Investigative Services.   (Doc. 82).

**SO ORDERED**, this 3rd day of February, 2015.


S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT